IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH SOSA**, <br><br> Plaintiffs, <br><br> v. <br><br> **ASHLEY FURNITURE INDUSTRIES, INC. d/b/a FURNITURE DIRECT, and TODD WANEK, individually,** <br><br> Defendant. | Civil Action No. <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff JOSEPH SOSA, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action and Class Action Complaint against Defendants ASHLEY FURNITURE INDUSSTRIES, INC. d/b/a FURNITURE DIRECT, and TODD WANEK, individually ("Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of themselves and all other persons similarly situated – warehouse laborers – who suffered damages

as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Plaintiff also bring this lawsuit against Defendants as a class action on behalf of themselves and all other persons similarly situated – warehouse laborers – who suffered damages as a result of Defendants' violations of the NJWHL pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed non-exempt duties for the Defendant in Middlesex County, New Jersey, as well as most other counties in New Jersey, and are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

## PARTIES

### Defendant ASHLEY FURNITURE INDUSTRIES, INC. d/b/a FURNITURE DIRECT

9. Defendant, ASHLEY FURNITURE INDUSTRIES, INC. d/b/a FURNITURE DIRECT ("ASHLEY FURNITURE") is a company that sells furniture.

10. Upon information and belief, one of ASHLEY FURNITURE'S locations is in Edison, Middlesex County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, ASHLEY FURNITURE employs individuals to perform labor, such as loading, unloading and stocking furniture, on behalf of ASHLEY FURNITURE.

12. Upon information and belief, at all times relevant to this Complaint, ASHLEY FURNITURE's annual gross volume of sales made or business done was not less than approximately $500,000.00.

13. At all times relevant to this Complaint, ASHLEY FURNITURE was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

### DEFENDANT TODD WANEK

14. Upon information and belief, Defendant TODD WANEK, has a principle place of business in the State of New Jersey.

15. Upon information and belief, at all times relevant to this Complaint, Defendant TODD WANEK has been an owner, partner, officers, and/or manager of ASHLEY FURNITURE.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has had power over personnel decisions at ASHLEY FURNITURE,

including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has had the power to determine employee policies at ASHLEY FURNITURE, including, but not limited to, time-keeping and payroll policies.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has had power over payroll decisions at ASHLEY FURNITURE including the power to retain time and/or wage records.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has been actively involved in managing the day to day operations of ASHLEY FURNITURE.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has had control over, and the power to change compensation practices at ASHLEY FURNITURE.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant TODD WANEK has had the power to stop any illegal pay practices that harmed Plaintiff.

22. Upon information and belief, at all times relative to this Complaint, individual Defendant TODD WANEK was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed and/or jointly employed Plaintiff and similarly situated employees.

## **Plaintiff**

## **JOSEPH SOSA**

22. Plaintiff JOSEPH SOSA is an adult individual who is a resident of Edison, Middlesex County, New Jersey.

23. Plaintiff JOSEPH SOSA was employed by Defendants as a warehouse laborer from in or about February, 2012, until in or about January, 2013.

24. Plaintiff JOSEPH SOSA was scheduled to work in excess of forty (40) hours per workweek.

25. Plaintiff JOSEPH SOSA was scheduled to work five (5) days per workweek.

26. Plaintiff JOSEPH SOSA routinely worked on average approximately fifty (50) hours per workweek on behalf of Defendants, but was not fully compensated for all of his hours worked.

27. Plaintiff JOSEPH SOSA was paid on an hourly basis, but was not fully compensated one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

28. A written consent form for JOSEPH SOSA is attached as Exhibit A to this Collective Action Complaint.

**FACTS**

29. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

30. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

31. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

32. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

33. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

34. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

36. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after January 30, 2009, and did not receive time and one-half of their regular rate of pay.

37. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

39. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each overtime hour worked per work period.

40. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

41. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

43. As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

45. Defendants' aforementioned conduct is in violation of the NJWHL.

46. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

47. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff JOSEPH SOSA, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants, ASHLEY FURNITURE INDUSTRIES, INC. d/b/a FURNITURE DIRECT and TODD WANEK, individually, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: January 30, 2013                     Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
12 South Orange Ave, Suite 3R
South Orange, NJ 07079
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiffs*